UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEMIA GREGORY, | Case No. 2:23-cv-02128-DJC-JDP (PS) |
| Plaintiff, | **ORDER** |
| v. | SCREENING PLAINTIFF'S FIRST AMENDED COMPLAINT |
| FIRSTPOINT COLLECTION RESOURCES, INC., *et al.*, | ECF No. 3 |
| Defendants. | |

Plaintiff filed an amended complaint asserting claims under the Federal Fair Credit Reporting Act ("FCRA") against Firstpoint Collections Resources, Inc., Absolute Resolution Inve, and Verifacts, LLC, and an application to proceed *in forma pauperis*.[1] Her complaint alleges a viable claim against each defendant, and I will direct service. I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).

**Screening and Pleading Requirements**

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

---

[1] Plaintiff filed an amended complaint before I screened her original complaint.

1

1  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
2  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
3  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
4  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
5  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
6  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
7  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
8  n.2 (9th Cir. 2006) (en banc) (citations omitted).
9  The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
10 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
11 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
12 would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
13 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
14 of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
15 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

17 The amended complaint alleges that in September 2023, plaintiff reviewed her
18 TransUnion credit report and discovered that each of the defendants made an unauthorized
19 inquiry for her credit information.  ECF No. 3 at 5-7, 11-12.  Plaintiff alleges that she did not
20 consent to defendants accessing her consumer report, she has never maintained an account with
21 any of the defendants, and she did not initiate credit transactions with them.  *Id*. at 9.  She claims
22 that defendants' actions invaded her privacy and caused her emotional distress.  *Id.* at 8.
23 Liberally construed, the complaint alleges that defendants violated 15 U.S.C.
24 § 1681(b)(f)(1) by obtaining plaintiff's credit information without a permissible purpose.  The
25 Ninth Circuit held in *Nayab v. Capital One Bank*, 942 F.3d 480 (9th Cir. 2019) that plaintiffs
26 have standing to pursue FCRA claims for alleged violations of 15 U.S.C. § 1681b(f)(1), *id.* at
27 490, and "that a consumer-plaintiff need allege only that her credit report was obtained for a
28 purpose not authorized by the statute to survive a motion to dismiss," *id.* at 487.  *See Rendon v.*

*Cherry Creek Mortg., LLC*, No. 22-CV-01194-DMS-MSB, 2022 WL 17824003 (S.D. Cal. Dec. 20, 2022); *Trim v. CMRE Fin. Servs., Inc.*, No. 20-CV-451-AJB-LL, 2021 WL 4936335 (S.D. Cal. Mar. 15, 2021).

Upon review of the complaint and consideration of plaintiff's pro se status, the court finds that plaintiff has plead sufficient facts to give rise to a reasonable inference that defendants obtained her credit report for an unauthorized purpose.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted.

2. The Clerk of Court is directed to issue process and to send plaintiff an instruction sheet for service of process by the United States Marshal, five USM-285 form, a summons form, and an endorsed copy of plaintiff's amended complaint filed November 17, 2023.  ECF No. 3.

3. Within sixty days after this order is served, plaintiff shall supply the U.S. Marshal all information needed by the Marshal to effect service of process.  The required documents shall be submitted directly to the United States Marshal either by personal delivery or by mail to:  United States Marshals Service, 501 I Street, Suite 5600, Sacramento, CA 95814 (tel. 916 930-2030). The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant:

    a. one completed summons;

    b. one completed USM-285 form;

    c. one copy of the endorsed complaint, with an extra copy for the U.S. Marshal; and

    d. one copies of the instant order.

4. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on a defendant within ninety days of receiving this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

5. Within fourteen days after submitting the required materials to the United States Marshals Service, plaintiff shall file with this court a declaration stating the date on which plaintiff submitted the required documents to the United States Marshal.  Failure to file the declaration in a timely manner may result in an order imposing appropriate sanctions.

6. Within sixty days after receiving the necessary materials from plaintiff, the United States Marshal shall serve process on defendants without prepayment of costs.

7. Plaintiff is cautioned that failure to comply with this order may result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated: January 9, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE